1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

METROFLEX OCEANSIDE LLC et al.,

Plaintiffs,

v.

GAVIN NEWSOM et al.,

Defendants.

Case No.: 20-CV-2110-CAB-AGS

**ORDER GRANTING MOTIONS TO DISMISS**

[Doc. Nos. 26-30]

Plaintiffs are ten gyms and fitness centers located in San Diego County. On October 27, 2020, they filed a complaint for damages and seeking to enjoin enforcement of various government orders restricting operation of their facilities to prevent the spread of the COVID-19 virus. After Defendants separately filed five motions to dismiss the original complaint, Plaintiffs filed the operative first amended complaint ("FAC") on January 15, 2021. Defendants now have filed a total of five separate motions to dismiss the FAC. The motions are fully briefed, and the Court deems them suitable for submission without oral argument. As discussed below, the motions are granted, and the FAC is dismissed.

I.   **Background**

The parties, the Court, and indeed *everyone* is very familiar with the COVID-19 pandemic and the impact it has had on society. As a result of the pandemic, most or all state and local governments have enacted a variety of restrictions on public gatherings in

an effort to prevent or limit the transmission of the virus. There are numerous court opinions detailing the ongoing COVID-19 pandemic and the various governmental orders restricting public gatherings.  The Court finds it unnecessary to restate these generally applicable facts here.  Accordingly, the Court adopts the relevant portions of the background summaries of the ongoing COVID-19 pandemic, and governmental restrictions arising therefrom, detailed in these other opinions, including in particular, *South Bay United Pentecostal Church v. Newsom*, 985 F.3d 1128, 1132-36 (9th Cir. 2021), and *Tandon v. Newsom*, __ F. Supp. 3d __, 2021 WL 411375, at **1-11 (N.D. Cal. Feb. 5, 2021).

In this case, Plaintiffs challenge the constitutionality of COVID-related restrictions put in place by the State of California and by the County of San Diego on the operation of gyms and fitness centers.  The defendants fall into five categories: (1) California Governor Gavin Newsom, former California Attorney General Xavier Becerra, and California Director and State Public Health Officer Sonia Y. Angell (the "State Defendants"); (2) various San Diego County officials, including supervisors, public health officers, and the sheriff (the "County Defendants"); (3) the current and former mayors of San Diego, Todd Gloria and Kevin Falconer, respectively, along with City Attorney Mara Elliott and Chief of Police David Nisleit (the "City Defendants"); (4) Imperial Beach Mayor Serge Dedina; and (5) Oceanside Mayor Peter Weiss.[1]

The FAC takes issue with several orders, including: (a) Governor Newsom's March 19, 2020 stay-at-home order; (b) similar orders issued on March 17, 2020, by County Defendants Wilma Wooten and Nick Macchione; (c) a March 22, 2020, directive from Angell; (d) Governor Newsom's May 4, 2020, reopening order; and (e) the tier-based

---

[1] The FAC also lists "Donna Frye, in her capacity as Mayor of the City of Clairemont," and "Mary Salas, in her capacity as Mayor of the City of Chula Vista," as defendants, but there is no indication on the docket that either individual was ever served with either complaint.  There are no unique allegations as to either of these defendants, however, so the FAC is also dismissed as to them for all of the reasons set forth herein.

system enacted by the State in August 2020.  Plaintiffs allege that they suffered damages consisting of lost business revenue and expenditures to comply with these State and County orders.

## II.   Legal Standard

The familiar standards on a motion to dismiss apply here.  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

## III.   Requests for Judicial Notice

With their motions, Defendants ask the Court to take judicial notice of various documents primarily consisting of information about the COVID-19 virus, government orders related to the COVID-19 pandemic, and rulings of other federal courts.  Plaintiffs oppose these requests.  Upon consideration of the requests, oppositions, and the documents themselves, the Court finds that these documents are in the public record and subject to judicial notice under Federal Rule of Evidence 201.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[U]nder Fed. R. Evid. 201, a court may take judicial notice

of 'matters of public record.'") (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).   Accordingly, the Court grants Defendants' requests. Notwithstanding the foregoing, the Court did not consider most of these documents in connection with its analysis of the instant motion and they are not material to the Court's determination that the FAC fails to state a federal claim as explained herein.

## IV.   Discussion

The FAC identifies five "claims for relief," including claims under 42 U.S.C. § 1983 for violation of the takings clause of the Fifth Amendment and violation of the due process clause of the Fourteenth Amendment,[2] respectively, and three state law claims.   Over the past year, a variety of businesses, including gyms and fitness centers, have asserted the same or similar claims based on similar allegations that the government's COVID-related restrictions are arbitrary.   Courts have consistently denied motions for preliminary injunctions in these cases upon finding no likelihood of success on the merits, and dismissed these complaints.   *See e.g., Best Supplement Guide, LLC v. Newsom*, No. 220CV00965JAMCKD, 2020 WL 2615022 (E.D. Cal. May 22, 2020) and hearing transcript at Doc. No. 30-1 at 107-141 (denying preliminary injunction and subsequently granting motions to dismiss claims by fitness centers that COVID-related restrictions violated their constitutional rights).   Indeed, on March 2, 2021, Judge John A. Mendez dismissed a substantively identical case filed by Plaintiffs' counsel on behalf of gyms and

---

[2] The opposition briefs include an argument that could be construed as being made under the equal protection clause of the Fourteenth Amendment.  [*See, e.g.,* Doc. No. 31 at 15.]  The FAC asserts no such claim, and it would be subject to dismissal anyway under rational basis review.  *See Tandon v. Newsom*, No. 21-15228, 2021 WL 1185157, at *11 (9th Cir. Mar. 30, 2021) ("[B]usiness owners are not a suspect class, and the district court correctly applied rational basis review to their equal protection claims.").  "Under rational-basis review, where a group possesses distinguishing characteristics relevant to interests the State has the authority to implement, a State's decision to act on the basis of those differences does not give rise to a constitutional violation." *Bd. of Trs. v. Garrett*, 531 U.S. 356, 366–67 (2001) (internal quotation marks and citation omitted).  Applying these principles, "every court considering Equal Protection challenges brought by business owners to COVID-related restrictions has upheld the restrictions. . . ."  *Tandon v. Newsom*, No. 20-CV-07108-LHK, 2021 WL 411375, at *21 (N.D. Cal. Feb. 5, 2021).  The Court finds no reason to depart from these cases, and Plaintiffs cite none to the contrary.

fitness centers in the Eastern District of California.  *See Excel Fitness Fair Oaks, LLC v.*
*Newsom*, No. 220CV02153JAMCKD, 2021 WL 795670 (E.D. Cal. Mar. 2, 2021).
Plaintiffs ignore *Excel Fitness* in their opposition briefs, but the case is indistinguishable,
and the Court finds no reason to reach a different conclusion here.  Like *Excel Fitness*,
"[t]hough the Court takes as true Plaintiffs' allegations that the [COVID-related
restrictions] have financially harmed their gym businesses, Plaintiffs' indoor gym
operations do not trigger any constitutional protections."  *Id.* at *3.

### A. Takings Clause Claim

"The Takings Clause of the Fifth Amendment states that 'private property [shall not]
be taken for public use, without just compensation.'"  *Knick v. Twp. of Scott, Pennsylvania*,
139 S. Ct. 2162, 2167 (2019).  The FAC alleges that the COVID-related restrictions
constitute both a per se taking because they "deprived Plaintiffs of all economically
beneficial use of their businesses," and a regulatory taking under the three-factor test set
forth in *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104, 124 (1978).
[Doc. No. 23 at ¶¶ 153, 156.]  The *Penn Central* factors are: "(1) '[t]he economic impact
of the regulation on the claimant,' (2) 'the extent to which the regulation has interfered
with distinct investment-backed expectations,' and (3) 'the character of the governmental
action.'"  *Bridge Aina Le'a, LLC v. Land Use Comm'n*, 950 F.3d 610, 625 (9th Cir. 2020)
(quoting *Penn Central*, 438 U.S. at 124.).  The motions make an array of arguments for
dismissal of this claim, and Plaintiffs ignore almost all of them in their opposition briefs,
contending only that they may maintain a takings claim because the restrictions deprive
them "of all effective economically beneficial uses of their businesses."  [Doc. No. 34 at
11.]

District courts have consistently rejected business owners' claims that COVID-
related restrictions constitute either a per se taking or a partial taking under *Penn Central*.
*See, e.g., Excel Fitness*, 2021 WL 795670, at *4-5 (dismissing takings clause claim by
gyms and fitness centers); *Culinary Studios, Inc. v. Newsom*, No. 1:20-CV-1340 AWI EPG,
2021 WL 427115, at *15 (E.D. Cal. Feb. 8, 2021) (dismissing takings claim by

variety of businesses including fitness centers); *PCG-SP Venture I LLC v. Newsom*, No. EDCV201138JGBKKX, 2020 WL 4344631, at *10 (C.D. Cal. June 23, 2020) (noting that "a temporary moratorium on all beneficial use of one's property is not a taking so long as it is reasonable," and that "[t]o the extent the Orders temporarily deprive Plaintiff of the use and benefit of its Hotel, the Takings Clause is indifferent. The State is entitled to prioritize the health of the public over the property rights of the individual.").  The Court finds these opinions to be persuasive, and Plaintiffs fail to explain why the Court should rule differently here.  Accordingly, Plaintiffs' takings claim is dismissed.

## B. Fourteenth Amendment Claims

### 1. Substantive Due Process

"Substantive due process 'forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with the rights implicit in the concept of ordered liberty.'" *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) (quoting *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998)).  "Laws that do not infringe a fundamental right survive substantive-due-process scrutiny so long as they are 'rationally related to legitimate government interests.'" *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1085 (9th Cir. 2015) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 728 (1997)).

Plaintiffs allege that they "have a fundamental property interest in conducting lawful business activities that are protected by the Due Process Clause of the Fourteenth Amendment."  [Doc. No. 23 at ¶ 164.]  The Ninth Circuit, however, has "never held that the right to pursue work is a fundamental right," *Tandon*, 2021 WL 1185157, at *11, or "that the right to pursue a business enterprise is a fundamental right entitled to heightened constitutional scrutiny." *Excel Fitness*, 2021 WL 795670, at *6 (citing *Sagana v. Tenorio*, 384 F.3d 731, 742-43 (9th Cir. 2004)); *see also Jackson Water Works, Inc. v. Pub. Utils. Comm'n*, 793 F.2d 1090, 1093 (9th Cir.1986) (indicating that government action that "affects only economic" interests does not implicate fundamental rights).   Accordingly, rational basis review applies here.

The analysis of whether Plaintiffs' substantive due process claim survives rational basis review from *Excel Fitness* applies with equal weight here.   As Judge Mendez explained:

> Under rational basis review, the Court need only ask "whether the government could have had a legitimate reason for acting as it did." [*Halverson v. Skagit County*, 42 F.3d 1257, 1262 (9th Cir. 1994).] Further, under rational basis review, the burden is on Plaintiffs to show the government did not act legitimately. *Id.* (explaining "plaintiffs shoulder a heavy burden"). Plaintiffs here appear to confuse the burden, arguing that the Orders fail even under rational basis review because Defendants did not submit evidence that indoor gym operations directly resulted in COVID-19 outbreaks. . . . But it is Plaintiffs' burden to show Defendants did not have a legitimate reason for acting as they did, not Defendants' burden to prove they did have a legitimate reason. Plaintiffs have not carried their burden.

> Further, the Court finds the challenged Orders easily survive rational basis review: the Orders were enacted for a legitimate reason – to curb the spread of COVID-19 - and are rationally related to curbing the spread because the Orders reduce the number of people mixing indoors, where the spread of COVID-19 occurs most readily. . . . Accordingly, Plaintiffs have not stated a substantive due process claim.

*Excel Fitness*, 2021 WL 795670, at *6; *cf. Tandon*, 2021 WL 411375, at *17 ("Every court to have addressed the issue of whether COVID-related restrictions violated substantive due process rights has concluded that the plaintiffs were not likely to succeed on the merits of their substantive due process claims.").   Accordingly, Plaintiffs' substantive due process claim is dismissed.

### 2. Procedural Due Process

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). "[C]ourts have held that in the current COVID-19 crisis, temporary closures of a business do not implicate procedur[al] due process rights." *Xponential Fitness v. Arizona*, No. CV-20-01310-PHX-DJH, 2020 WL 3971908, at *5 (D. Ariz. July 14, 2020) (finding that plaintiff gym did not have a likelihood of success on

procedural due process claim based on COVID-related restrictions on operation); *see also Excel Fitness*, 2021 WL 795670, at *5 (dismissing procedural due process claims because "the challenged Orders are clearly decisions of general applicability that do not target individual gym owners or facilities," and therefore, "Plaintiffs were not entitled to individualized notice or the right to be heard."); *Best Supplement Guide*, 2020 WL 2615022, at *5 (finding no procedural due process violation related to COVID related gym operation restrictions). The Court agrees with these cases, and Plaintiffs offer no grounds for the Court to rule differently here.

The COVID-related restrictions challenged by Plaintiffs "are legislative in nature because they 'affect all citizens of California and at their most particular direct restrictions towards nationwide groups and classes of individuals and businesses.'" *Culinary Studios,* 2021 WL 427115, at *16 (quoting *PCG-SP Venture I LLC*, 2020 WL 4344631, at *8). When an "action complained of is legislative in nature, due process is satisfied when the [governmental] body performs its responsibilities in the normal manner prescribed by law.'" *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1060 (9th Cir. 2012) (quoting *Halverson*, 42 F.3d at 1260). Plaintiffs do not allege (nor could they) that Defendants do not have the legal right to enact any restrictions on the operations of businesses as a result of the COVID-19 pandemic; they simply disagree with the substance of Defendants' restrictions as applied to Plaintiffs. Thus, Plaintiffs procedural due process claim is dismissed as well.

### 3. *Vagueness*

Here, as in *Excel Fitness*, Plaintiffs allege the COVID-related restrictions "fail to provide sufficient notice of which actions will potentially subject Plaintiffs to civil or criminal penalties." [Doc. No. 23 at ¶¶ 165]. As a result, Plaintiffs allege they "have been forced to operate between a rock and a hard place, trying to comply with all of the applicable Orders, but unable to discern what the applicable law permits." [*Id.* at ¶ 66.] *See also Excel Fitness*, 2021 WL 795670, at *6. Yet, the other allegations in the FAC belie these conclusory allegations [*See, e.g.,* Doc. No. 23 at ¶¶ 82, 91, 92, 101, 102], and

regardless, "Plaintiffs have failed to explain how the Orders are vague as to what is permitted and what is not." *Excel Fitness*, 2021 WL 795670, at \*6.  Moreover, "a party challenging the facial validity of an ordinance on vagueness grounds outside the domain of the First Amendment must demonstrate that 'the enactment is impermissibly vague in all of its applications.'" *Hotel & Motel Ass'n of Oakland*, 344 F.3d at 972 (quoting *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 495 (1982)).  The allegations in the FAC undermine any such showing in this case.  Accordingly, to the extent Plaintiffs even intend to claim a violation of the Fourteenth Amendment based on the alleged vagueness of the orders (which is hardly clear from the FAC or opposition), such a claim is dismissed as well.[3]

### C. State Law Claims

Having dismissed Plaintiffs' federal claims, the Court's "decision of whether to exercise supplemental jurisdiction over the remaining state law claims 'is purely discretionary.'" *Couture v. Wells Fargo Bank, N.A.*, No. 11-CV-1096-IEG (CAB), 2011 WL 3489955, at \*4 (S.D. Cal. Aug. 9, 2011) (*quoting Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)); *see also Holt v. First Franklin Fin. Corp.*, No. C 10-5929 SBA, 2011 WL 4595195, \*4 (N.D. Cal. Sept. 30, 2011) ("When the federal claims that served as the basis for jurisdiction are eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action.") (citing 28 U.S.C. § 1367(c)(3)).

Here, because the Court is dismissing the only federal claims at the outset of the litigation, it is more appropriate to decline supplemental jurisdiction over the state law claims.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (holding that "when the federal-law claims have dropped out of the lawsuit in its early stages and only

---

[3] Having found that the FAC fails to state any federal claims because it does not allege facts demonstrating that Plaintiffs suffered any violation of their rights under the Constitution, the Court need not address the various other arguments Defendants' motions make for dismissal that are specific to particular defendants.

state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.' ") (quoting 28 U.S.C. § 1367(c)(3)).

## V.    Disposition

For the foregoing reasons, Defendants' motions to dismiss are all **GRANTED**. Further, because Plaintiffs (1) have already amended their complaint once in response to motions to dismiss, (2) did not address or refute any of Defendants' legal arguments for dismissal in their opposition briefs, and (3) do not identify any additional factual allegations that they could make that would remedy the deficiencies in the FAC, the Court finds that any further amendment would be futile.  Accordingly, it is hereby **ORDERED** that the first and second claims for relief in the FAC are **DISMISSED WITH PREJUDICE,** and the remaining state law claims are **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.  The Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated:  April 5, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge